UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20831-CIV-LENARD/O'SULLIVAN

In re: Application of
H.M.B. HOLDINGS LIMITED
Pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in
Foreign Proceedings,

    Petitioner.
_____/

# ORDER

THIS CAUSE comes before the Court on H.M.B. Holdings Limited's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (DE# 1, 3/5/18). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 3/6/18). The undersigned granted Replay [Resorts, Inc.]'s Unopposed Motion to Intervene for Purposes of Filing Objection to Application (DE# 11, 3/12/18). See Order Granting Replay's Unopposed Motion to Intervened for Purposes of Filing Objection to Application (DE# 12, 3/14/18). Having reviewed the motion, response, reply, the evidence in the record, and the applicable law and having heard argument from counsel, it is

ORDERED AND ADJUDGED that H.M.B. Holdings Limited's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (DE# 1, 3/5/18) is GRANTED.

The undersigned finds that H.M.B. Holdings Limited ("H.M.B. Holdings") met the

statutory requirements of 28 U.S.C. § 1782.[1] See In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007)(quoting 28 U.S.C. § 1782)(footnote omitted)); see also Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1269 (11th Cir. 2014). Replay Resorts, Inc. ("Replay Resorts") did not carry its burden on the discretionary *Intel* factors. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). The undersigned finds that the *Intel* factors weigh in favor of granting H.M.B. Holdings' application.

Because the undersigned finds that some of the documents requested in the subpoenas are not relevant,[2] H.M.B. Holdings is GRANTED leave to serve revised subpoenas[3] to Grant Thornton LLP and Grant Thornton International Ltd. Inc. that contain the following limitations:

Document Request No. 1 is deleted because the requested documents are not relevant to finding assets subject to execution.

Document Request No. 2 is deleted because the requested documents are not relevant to finding assets subject to execution.

Document Request No. 3: All documents evidencing financial transactions relating to the Citizenship by Investment Program used by Replay.

Document Request No. 4: All documents evidencing financial transactions through the Citizenship by Investment Program in which Grant Thornton Antigua was

---

[1] See Response at 15, n. 35 (Replay "assumes (without conceding) that HMB can meet the four nominal 28 U.S.C. § 1782 statutory factors.").

[2] "'If [the section 1782 application is] asking too much, the district court can and should cut down [the] request, but not to nothing, as it did.'" JAS Forwarding (USA), Inc., 747 F.3d at 1272-73 (quoting Heraeus Kulzer, GmbH v. Bioment, Inc., 633 F.3d 591, 597-98 (7th Cir. 2011)).

[3] The proposed subpoenas were attached to the application. (DE#1-2, 3/5/18).

2

involved as registrar for Replay or others.

Document Request No. 5: All documents evidencing payments relating to the Citizenship by Investment Program to the Antiguan Government or others.

Document Request No. 6: All documents regarding any debts or anticipated future payments involving both the Antiguan Government (or any Affiliated Person thereto) and Replay (or any Affiliated Person thereto).

Document Request No. 7: Documents sufficient to evidence all financial transactions involving the Antiguan Government and Grant Thornton and its clients relating to investments through the Citizenship by Investment Program.

It is further ORDERED AND ADJUDGED that H.M.B. Holdings shall provide the notice of rights required by Rule 45 of the Federal Rules of Civil Procedure to the subpoenaed Grant Thornton entities. It is further

ORDERED AND ADJUDGED that all parties and subpoenaed entities are required to comply with the Discovery Procedure attached to this Order.

DONE AND ORDERED at the United States Courthouse, Miami, Florida this 18th day of July, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# DISCOVERY PROCEDURE FOR
# MAGISTRATE JUDGE JOHN J. O'SULLIVAN

The following discovery procedures apply to cases assigned to United States Magistrate Judge John J. O'Sullivan.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge John J. O'Sullivan will set the matter for a hearing. Discovery disputes are generally set for hearings on Tuesdays and Thursdays in the 5th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

If a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief, by contacting Magistrate Judge O'Sullivan's Chambers and placing the matter on the next available discovery calendar. Magistrate Judge O'Sullivan's telephone number is (305) 523-5920.

After a matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(3). Generally, no more than ten (10) minutes per side will be permitted.

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge O'Sullivan. It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to setting the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.